UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| LEWIS COX, JR., ) | Case No. 09-20013-659 |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | PUBLISHED |

### **O R D E R**

The matter before the Court is Trustee's Objection to Exemption (hereinafter "Objection") and Debtor's Response to Trustee's Objection to Exemption (hereinafter "Response"). A hearing was held on June 25, 2009, at which Trustee appeared in person, Debtor appeared by counsel and both presented oral argument. The Court then took the matter as submitted. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Lewis Cox Jr. (hereinafter "Debtor") is the surviving husband of Thelma Cox (hereinafter "Spouse"), who passed away due to injuries suffered in a work-related accident. In 1982, Debtor and Marine Petroleum Company, Spouse's former employer, entered into an initial settlement agreement wherein Debtor was paid certain sums and a weekly compensation of $150.00 per week for Debtor's life, so long as he did not remarry and the total amount did not exceed $195,000.00. In 1994, Debtor and Marine Petroleum Company agreed to an additional settlement in which Debtor was paid a lump sum of $10,000.00 and a lifetime monthly income of $590.00 from an annuity with Fidelity and Guaranty Life Insurance Company, purchased by Marine Petroleum Company and its insurance carrier (hereinafter "Annuity"). Both settlements were approved by the Labor and Industrial Relations Commission of Missouri, Division of Workmen's Compensation. Payments pursuant to the Annuity began in October 1994. Debtor was Spouse's sole dependent, and was described as such in both settlement agreements.

On January 21, 2009, Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. On April 3, 2009, Debtor filed an Amended Schedule C in which Debtor claimed

an exemption in the Annuity in the amount of $17,700.00 pursuant to Missouri Statute, Section 513.430.1(10)(a), (b) and (c).  Trustee filed Objection on April 9, 2009, arguing that the Annuity is not properly exempt under Section 513.430.1(10)(a), (b) or (c), because the Annuity is not a retirement account.

Debtor's Response, filed on May 14, 2009, alleges for the first time that Debtor claims an exemption for the Annuity based on Section 513.430.1(10)(e).  Debtor argues that the purpose of Section 513.430.1(10)(e) is to compensate a debtor for lost future earnings, and further, annuity payments may be exempt to the extent reasonably necessary for the support of a debtor.  Debtor's current monthly income is $1,481.00, which includes $891.00 in Social Security payments, and $590.00 from the Annuity. Debtor's annual income is $17,772.00.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) (2009).  Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

Under 11 U.S.C. § 522(d), a state is permitted to opt out of the federal bankruptcy exemption scheme.  11 U.S.C. § 522(d).  The State of Missouri opted out of the federal bankruptcy exemption scheme, consequently, Missouri law controls a debtor's right to claim property as exempt. Mo. Stat. Ann § 513.427 (2002); *In re Hughes*, 318 B.R. 704, 707 (Bankr. W.D. Mo. 2004). Under Missouri law, any property specifically exempt from attachment by Missouri statute is exempt in bankruptcy proceedings. *See In re Mitchell,* 73 B.R. 93 (Bankr. E.D. Mo. 1987); *See also In re Benn*, 491 F.3d 811, 814 (8th Cir. 2007).

Missouri law provides an exemption from attachment for a debtor's right to receive "[A]ny payment under a...death benefit plan...or...right to a participant account in any deferred

2

compensation program...or annuity...on account of illness, disability, death...to the extent necessary for the support of such person and any dependent of such person." Mo. Stat. Ann. § 513.430.1(10)(e) (2009). "[T]he purpose of § 513.430.1(10)(e) is to replace lost future earnings of a debtor, or a person on whom a debtor is dependent, related to employment." *In re Stover*, 332 B.R. 400, 403 (Bankr. W.D. Mo. 2005); accord *Collett,* 253 B.R. 452, 454 (Bankr. W.D. Mo. 2000). An annuity payment may be exempt to the extent reasonably necessary for the support of a debtor. *In re Bonuchi,* 322 B.R. 868, 874 (Bankr. W.D. Mo. 2005).

There is no dispute that the Annuity provides a payment to Debtor on account of Spouse's death. There is also no dispute that at all relevant times, Debtor was Spouse's dependent. There is also no dispute that the Annuity was created to compensate Debtor, Spouse's dependent, for lost future earnings related to Spouse's employment.  In consideration of Debtor's current annual income, this Court further finds that the Annuity payments in their entirety are reasonably necessary for the support of Debtor. Therefore, the Annuity payments are exempt pursuant to Section 513.430.1(10)(e).

The Court further notes that Debtor's Schedule C does not presently reflect the proper Missouri Statute subsection under which Debtor seeks exemption of the Annuity.  Debtor must file an Amended Schedule C, reflecting exemption of the Annuity pursuant to Missouri Statute Section 513.430.1(10)(e).  Therefore,

**IT IS ORDERED THAT** Trustee's Objection to Exemption is SUSTAINED; and

3

**IT IS FURTHER ORDERED THAT** Debtor is to file a Second Amended Schedule C claiming an exemption in the Annuity pursuant to Missouri Statute Section 513.430.1(10)(e) within fourteen (14) days of the date of this Order.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: November 4, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Candy Leann Ries
Law Office of McGuire & Ries
413 Georgia Street
P.O. Box 486
Louisiana, MO 63353

Lewis Cox, Jr.
638 Elk Lick Springs St
Frankford, MO 63441

Fredrich J. Cruse
The Cruse Law Firm PC
PO Box 914
Hannibal, MO 63401